IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BIOGEN MA INC. and BIOGEN INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. ____________________ |
| | ) | |
| CIPLA LTD. and CIPLA USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs Biogen MA Inc. and Biogen Inc. (collectively "Biogen"), by their attorneys, hereby allege as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the submission by defendants Cipla Ltd. and Cipla USA, Inc. (collectively "Cipla Defendants") of Abbreviated New Drug Application ("ANDA") No. 219377 ("Cipla's ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, offer for sale, and sale of a generic version of Spinraza® (nusinersen) intrathecal injection ("Cipla's Proposed ANDA Product") prior to the expiration of U.S. Patent Nos. 9,926,559 ("the '559 Patent"), 10,436,802 ("the '802 Patent"), and 12,013,403 ("the '403 Patent") (collectively, "the Asserted Patents"). On May 19, 2026, Biogen received a letter from Cipla Ltd. dated May 18, 2026 ("Cipla's Notice Letter") notifying Biogen that the Cipla Defendants had submitted their ANDA. Upon information and belief, if approved by the FDA, Cipla's Proposed ANDA Product will be marketed as a competing product to Spinraza®, a product developed and marketed by Biogen for the treatment of spinal muscular atrophy ("SMA").

## PARTIES

2. Biogen MA Inc. is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having a principal place of business at 225 Binney Street, Cambridge, Massachusetts 02142.

3. Biogen Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 225 Binney Street, Cambridge, Massachusetts 02142.

4. On information and belief, Cipla Ltd. is an Indian corporation having a principal place of business at Cipla House, Peninsula Business Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai, 400013, India. On information and belief, Cipla Ltd. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the United States market, including in this judicial district.

5. On information and belief, Cipla USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 10 Independence Boulevard, Suite 300, Warren, New Jersey 07059. On information and belief, Cipla USA, Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the United States market, including in this judicial district.

6. On information and belief, Cipla Ltd. and Cipla USA, Inc. collaborate with respect to the development, manufacturing, regulatory approval, marketing, sale, importation, and/or distribution of generic drug products for sale in the United States, including in Delaware.

7. On information and belief, Cipla Ltd., in collaboration with Cipla USA, Inc., caused ANDA No. 219377 to be submitted to FDA and seeks FDA approval of ANDA No. 219377.

8. On information and belief, Cipla Ltd. and Cipla USA, Inc. acted collaboratively in preparing and submitting ANDA No. 219377 and continue to act collaboratively in pursuing FDA

approval of ANDA No. 219377 and seeking to market Cipla's Proposed ANDA Product in the United States, including in the State of Delaware.

9. On information and belief, Cipla Ltd. and Cipla USA, Inc. rely on material assistance from each other to market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of Delaware. On information and belief, Cipla Ltd. and Cipla USA, Inc. intend to act collaboratively to commercially manufacture, import, market, distribute, offer for sale, and/or sell Cipla's Proposed ANDA Product, in the event FDA approves ANDA No. 219377.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

11. The Court has personal jurisdiction over Cipla USA, Inc. because Cipla USA, Inc. is incorporated in the State of Delaware and maintains a registered agent for service of process in Delaware.

12. The Court has personal jurisdiction over Cipla Ltd. because, *inter alia*, on information and belief, Cipla Ltd. (1) has purposefully availed itself of the privilege of doing business in Delaware, including directly or indirectly through its related entities (e.g., Cipla USA, Inc.), and (2) maintains pervasive, continuous, and systematic contacts with the State of Delaware through the marketing, distribution, and sale of generic versions of branded pharmaceutical products in the State of Delaware, directly and through its affiliates, and by deriving substantial revenue from the importation and sale of its products in the State of Delaware. In the alternative, this Court has personal jurisdiction over Cipla Ltd. in the State of Delaware under Federal Rule of Civil Procedure 4(k)(2) because Cipla Ltd. is not subject to jurisdiction in any state's courts of

general jurisdiction and exercising jurisdiction over it is consistent with the United States Constitution and laws.

13. In addition, this Court has personal jurisdiction over the Cipla Defendants because, *inter alia*, the Cipla Defendants have purposefully availed themselves of the benefits and protections of Delaware's laws such that they should reasonably anticipate being haled into court here. Upon information and belief, the Cipla Defendants, themselves and through their subsidiaries, agents, and/or affiliates, develop, manufacture, import, market, offer to sell, sell, and/or distribute a broad range of generic pharmaceutical products throughout the United States, including in Delaware, and therefore transact business within Delaware relating to Biogen's claims, and/or have engaged in systematic and continuous business contacts within Delaware.

14. Furthermore, this Court has personal jurisdiction over the Cipla Defendants because, *inter alia*, upon information and belief: (1) the Cipla Defendants developed the ANDA product that is the subject of ANDA No. 219377 and submitted ANDA No. 219377 for the purpose of seeking approval to engage in the commercial manufacture, use, sale, or offer for sale in the United States of Cipla's Proposed ANDA Product, including in Delaware; (2) upon approval of Cipla's ANDA, the Cipla Defendants will market, distribute, offer for sale, and sell in the United States, and/or import into the United States, including in Delaware, Cipla's Proposed ANDA Product, and will derive substantial revenue from the use or consumption of Cipla's Proposed ANDA Product in Delaware; and (3) upon approval of Cipla's ANDA, Cipla's Proposed ANDA Product will, among other things, be marketed, distributed, offered for sale, and sold in Delaware, and/or imported into Delaware, prescribed by physicians practicing in Delaware and administered to patients in Delaware, all of which would have substantial effects in Delaware. By submitting

Cipla's ANDA, the Cipla Defendants have shown they will use distribution channels to direct sales of Cipla's Proposed ANDA Product into Delaware.

15. In addition, this Court has personal jurisdiction over the Cipla Defendants because they have committed, aided, abetted, induced, contributed to, or participated in the commission of the tortious act of patent infringement that has led and/or will lead to foreseeable harm and injury to Biogen Inc., a Delaware corporation.

16. In addition, this Court has personal jurisdiction over the Cipla Defendants because they have regularly engaged in patent litigation concerning their ANDA products in this District, including by filing counterclaims in such actions, and have consented to jurisdiction in Delaware in prior cases arising out of the filing of ANDAs. *See, e.g.*, *Novartis Pharmaceuticals Corporation et al. v. Cipla USA Inc. et al.*, C.A. No. 26-cv-272-GBW (D. Del.); *Sumitomo Pharma Switzerland GmbH et al. v. Cipla Limited et al.*, C.A. No. 25-cv-312-MN (D. Del.); *Astellas Pharma Inc. et al. v. Cipla Limited et al.*, C.A. No. 24-cv-1333-GBW (D. Del.); *Acerta Pharma B.V. et al. v. Cipla Limited*, C.A. No. 24-cv-587-GBW (D. Del.).

17. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Cipla USA, Inc. is organized under the laws of the State of Delaware and maintains a registered agent for service of process in Delaware and therefore resides in Delaware. Venue is proper against Cipla Ltd., a foreign corporation, in any judicial district that has personal jurisdiction over it, including in this District, under 28 U.S.C. § 1391(c)(3).

## BACKGROUND

*SPINRAZA® (NUSINERSEN)*

18. Spinraza® is a survival motor neuron-2 (SMN2)-directed antisense oligonucleotide indicated for the treatment of spinal muscular atrophy (SMA) in pediatric and adult patients.

19. Biogen Inc. is the holder of approved New Drug Application ("NDA") No. 209531 for Spinraza®, which has been approved by the FDA.

20. The Asserted Patents are listed for NDA No. 209531 for Spinraza® in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations*, commonly known as the "Orange Book."

21. The '559 Patent, titled "Compositions and methods for modulation of SMN2 splicing in a subject," was duly and legally issued on March 27, 2018. A copy of the '559 Patent is attached as Exhibit A.

22. Biogen MA Inc. is the assignee of the '559 Patent.

23. There is an actual case or controversy between the parties regarding the Cipla Defendants' liability for their infringement of the '559 Patent.

24. The '802 Patent, titled "Methods for treating Spinal Muscular Atrophy," was duly and legally issued on October 8, 2019. A copy of the '802 Patent is attached as Exhibit B.

25. Biogen MA Inc. is the assignee of the '802 Patent.

26. There is an actual case or controversy between the parties regarding the Cipla Defendants' liability for their infringement of the '802 Patent.

27. The '403 Patent, titled "Compositions and methods for detection of SMN protein in a subject and treatment of a subject," was duly and legally issued on June 18, 2024. A copy of the '403 Patent is attached as Exhibit C.

28. Biogen MA Inc. is the assignee of the '403 Patent.

29. There is an actual case or controversy between the parties regarding the Cipla Defendants' liability for their infringement of the '403 Patent.

30. This action is being filed within 45 days of Biogen's receipt of Cipla's Notice Letter.

*CIPLA'S ANDA*

31. According to Cipla's Notice Letter, ANDA No. 219377 includes a certification pursuant to the Food, Drug, & Cosmetic Act ("FDCA"), 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification"), that the Asserted Patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, sale, or offer for sale of Cipla's Proposed ANDA Product.

32. The Cipla Defendants were aware of the Asserted Patents at least as of when ANDA No. 219377 was filed with a Paragraph IV Certification.

33. Upon information and belief, nusinersen is the active ingredient in Cipla's Proposed ANDA Product.

34. Upon information and belief, ANDA No. 219377 refers to and relies upon NDA No. 209531 for Spinraza® and contains data that, according to the Cipla Defendants, demonstrate bioequivalence of Cipla's Proposed ANDA Product and Spinraza®, *see* 21 U.S.C. § 355(j)(2); 21 C.F.R. § 314.94(a)(7), or the Cipla Defendants have sought a waiver of the requirement to demonstrate bioequivalence of Cipla's Proposed ANDA Product and Spinraza®.

35. Upon information and belief, the label for Cipla's Proposed ANDA Product ("Cipla's Proposed Label") will be substantially identical to the Spinraza® label. Upon information and belief, the Cipla Defendants intend to have healthcare professionals administer Cipla's Proposed ANDA Product, if approved, as set forth in Cipla's Proposed Label for this ANDA product. Upon information and belief, Cipla's Proposed Label will instruct healthcare

professionals to prescribe and administer Cipla's Proposed ANDA Product in the manner set forth in Cipla's Proposed Label.

**COUNT I**
**(Infringement of the '559 Patent)**

36. Biogen incorporates each of the preceding paragraphs as if fully set forth herein.

37. Claim 1 of the '559 Patent covers "[a] method of treating a human subject having spinal muscular atrophy (SMA), the method comprising administering to the human subject an antisense oligonucleotide consisting of 18 linked nucleosides, wherein the oligonucleotide has a nucleobase sequence consisting of the nucleobase sequence SEQ ID NO: 1, wherein each internucleoside linkage of the oligonucleotide is a phosphorothioate linkage, wherein each nucleoside of the oligonucleotide is a 2'-MOE nucleoside, and wherein each cytosine of the oligonucleotide is a 5-methyl cytosine, wherein the antisense oligonucleotide is administered into the cerebrospinal fluid by bolus injection into the intrathecal space at a dose of 9.6, 10.3, 10.8, 11.3, or 12.0 milligrams of the antisense oligonucleotide."

38. Upon information and belief, Cipla's Proposed ANDA Product and its use are covered by one or more of the claims of the '559 Patent, including at least claim 1.

39. Upon information and belief, the commercial manufacture, sale, offer for sale, and/or importation of Cipla's Proposed ANDA Product, and/or the use of Cipla's Proposed ANDA Product in accordance with and as directed by Cipla's Proposed Label for that product, will infringe one or more claims of the '559 Patent, including at least claim 1, either literally or under the doctrine of equivalents.

40. Upon information and belief, the Cipla Defendants submitted as part of ANDA No. 219377 a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), asserting that the claims of the '559 Patent are invalid,

unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of Cipla's Proposed ANDA Product.

41. Cipla Ltd. did not contend in Cipla's Notice Letter that Cipla's Proposed ANDA Product, or the use of Cipla's Proposed ANDA Product in accordance with and as directed by Cipla's Proposed Label for that product, would not indirectly infringe at least claim 1 of the '559 Patent.

42. The Cipla Defendants submitted ANDA No. 219377 with the purpose of obtaining approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Cipla's Proposed ANDA Product prior to the expiration of the '559 Patent.

43. The Cipla Defendants' submission of ANDA No. 219377 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Cipla's Proposed ANDA Product prior to the expiration of the '559 Patent was an act of infringement of the '559 Patent under 35 U.S.C. § 271(e)(2)(A).

44. Upon information and belief, the Cipla Defendants have had knowledge of the '559 Patent at least because the '559 Patent is listed in the FDA's Orange Book for Biogen's Spinraza® drug product, and because Cipla's Notice Letter references the '559 Patent. Notwithstanding this knowledge, the Cipla Defendants continue to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla's Proposed ANDA Product and Cipla's Proposed Label therefor immediately and imminently upon the approval of ANDA No. 219377.

45. Upon information and belief, the Cipla Defendants plan and intend to, and will, actively induce infringement of the '559 Patent when ANDA No. 219377 is approved, and will do so with specific intent to induce infringement of the '559 Patent, in violation of 35 U.S.C. § 271(b).

Further upon information and belief, the Cipla Defendants plan and intend to, and will, do so immediately and imminently upon approval.

46. Upon information and belief, the Cipla Defendants know that Cipla's Proposed ANDA Product is especially made or adapted for use in patented methods of the '559 Patent, and that Cipla's Proposed ANDA Product is not suitable for substantial noninfringing use. Upon information and belief, the Cipla Defendants plan and intend to, and will, contribute to infringement of the '559 Patent immediately and imminently upon approval of ANDA No. 219377, in violation of 35 U.S.C. § 271(c).

47. The foregoing actions by the Cipla Defendants constitute and/or will constitute infringement of the '559 Patent, active inducement of infringement of the '559 Patent, and contribution to the infringement by others of the '559 Patent, either literally or under the doctrine of equivalents.

48. Unless the Cipla Defendants are enjoined from infringing the '559 Patent, actively inducing infringement of the '559 Patent, and contributing to the infringement by others of the '559 Patent, Biogen will suffer irreparable injury. Biogen has no adequate remedy at law.

## COUNT II
## (Infringement of the '802 Patent)

49. Biogen incorporates each of the preceding paragraphs as if fully set forth herein.

50. Claim 1 of the '802 Patent covers "[a] method for treating a human subject having one or more symptoms associated with spinal muscular atrophy (SMA), the method comprising administering by intrathecal injection doses of an antisense compound comprising an antisense oligonucleotide consisting of 18 linked nucleosides, wherein the oligonucleotide has a nucleobase sequence consisting of the nucleobase sequence SEQ ID NO: 1, wherein each internucleoside linkage of the oligonucleotide is a phosphorothioate linkage, wherein each nucleoside of the

oligonucleotide is a 2'-MOE nucleoside, and wherein each cytosine of the oligonucleotide is a 5-methyl cytosine, wherein the doses comprise: (i) a first dose of 12 mg of the antisense compound; (ii) a second dose of 12 mg of the antisense compound 12-18 days after administration of the first dose; and (iii) a third dose of 12 mg of the antisense compound 25-35 days after administration of the first dose."

51. Upon information and belief, Cipla's Proposed ANDA Product and its use are covered by one or more of the claims of the '802 Patent, including at least claim 1.

52. Upon information and belief, the commercial manufacture, sale, offer for sale, and/or importation of Cipla's Proposed ANDA Product, and/or the use of Cipla's Proposed ANDA Product in accordance with and as directed by Cipla's Proposed Label for that product, will infringe one or more claims of the '802 Patent, including at least claim 1, either literally or under the doctrine of equivalents.

53. Upon information and belief, the Cipla Defendants submitted as part of ANDA No. 219377 a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), asserting that the claims of the '802 Patent are invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of Cipla's Proposed ANDA Product.

54. Cipla Ltd. did not contend in Cipla's Notice Letter that Cipla's Proposed ANDA Product, or the use of Cipla's Proposed ANDA Product in accordance with and as directed by Cipla's Proposed Label for that product, would not indirectly infringe the '802 Patent.

55. The Cipla Defendants submitted ANDA No. 219377 with the purpose of obtaining approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Cipla's Proposed ANDA Product prior to the expiration of the '802 Patent.

56. The Cipla Defendants' submission of ANDA No. 219377 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Cipla's Proposed ANDA Product prior to the expiration of the '802 Patent was an act of infringement of the '802 Patent under 35 U.S.C. § 271(e)(2)(A).

57. Upon information and belief, the Cipla Defendants have had knowledge of the '802 Patent at least because the '802 Patent is listed in the FDA's Orange Book for Biogen's Spinraza® drug product, and because Cipla's Notice Letter references the '802 Patent. Notwithstanding this knowledge, the Cipla Defendants continue to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla's Proposed ANDA Product and Cipla's Proposed Label therefor immediately and imminently upon the approval of ANDA No. 219377.

58. Upon information and belief, the Cipla Defendants plan and intend to, and will, actively induce infringement of the '802 Patent when ANDA No. 219377 is approved, and will do so with specific intent to induce infringement of the '802 Patent, in violation of 35 U.S.C. § 271(b). Further upon information and belief, the Cipla Defendants plan and intend to, and will, do so immediately and imminently upon approval.

59. Upon information and belief, the Cipla Defendants know that Cipla's Proposed ANDA Product is especially made or adapted for use in patented methods of the '802 Patent, and that Cipla's Proposed ANDA Product is not suitable for substantial noninfringing use. Upon information and belief, the Cipla Defendants plan and intend to, and will, contribute to infringement of the '802 Patent immediately and imminently upon approval of ANDA No. 219377, in violation of 35 U.S.C. § 271(c).

60. The foregoing actions by the Cipla Defendants constitute and/or will constitute infringement of the ’802 Patent, active inducement of infringement of the ’802 Patent, and contribution to the infringement by others of the ’802 Patent, either literally or under the doctrine of equivalents.

61. Unless the Cipla Defendants are enjoined from infringing the ’802 Patent, actively inducing infringement of the ’802 Patent, and contributing to the infringement by others of the ’802 Patent, Biogen will suffer irreparable injury. Biogen has no adequate remedy at law.

**COUNT III**
**(Infringement of the ’403 Patent)**

62. Biogen incorporates each of the preceding paragraphs as if fully set forth herein.

63. Claim 1 of the ’403 Patent covers “[a] method of treating spinal muscular atrophy (SMA) in a human subject in need thereof, the method comprising administering to the human subject by intrathecal bolus injection doses of a pharmaceutical composition comprising a pharmaceutically acceptable carrier and an antisense oligonucleotide consisting of 18 linked nucleosides, wherein the antisense oligonucleotide has a nucleobase sequence consisting of the nucleobase sequence SEQ ID NO: 1, wherein each internucleoside linkage of the antisense oligonucleotide is a phosphorothioate linkage, wherein each nucleoside of the antisense oligonucleotide is a 2’-MOE nucleoside, and wherein each cytosine of the antisense oligonucleotide is a 5-methyl cytosine, wherein the doses comprise: (i) a first dose of 12 mg of the antisense oligonucleotide; (ii) a second dose of 12 mg of the antisense oligonucleotide administered approximately 12-18 days after administration of the first dose; (iii) a third dose of 12 mg of the antisense oligonucleotide administered approximately 25-35 days after administration of the first dose, wherein the third dose is administered at least 14 days after the second dose; (iv) a fourth dose of 12 mg of the antisense oligonucleotide administered approximately 60-70 days after

administration of the first dose; (v) a fifth dose of 12 mg of the antisense oligonucleotide administered approximately 178-188 days after administration of the first dose; and (vi) a sixth dose of 12 mg of the antisense oligonucleotide administered approximately 298-308 days after administration of the first dose."

64. Upon information and belief, Cipla's Proposed ANDA Product and its use are covered by one or more of the claims of the '403 Patent, including at least claim 1.

65. Upon information and belief, the commercial manufacture, sale, offer for sale, and/or importation of Cipla's Proposed ANDA Product, and/or the use of Cipla's Proposed ANDA Product in accordance with and as directed by Cipla's Proposed Label for that product, will infringe one or more claims of the '403 Patent, including at least claim 1, either literally or under the doctrine of equivalents.

66. Upon information and belief, the Cipla Defendants submitted as part of ANDA No. 219377 a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), asserting that the claims of the '403 Patent are invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of Cipla's Proposed ANDA Product.

67. Cipla Ltd. did not contend in Cipla's Notice Letter that Cipla's Proposed ANDA Product, or the use of Cipla's Proposed ANDA Product in accordance with and as directed by Cipla's Proposed Label for that product, would not indirectly infringe the '403 Patent.

68. The Cipla Defendants submitted ANDA No. 219377 with the purpose of obtaining approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Cipla's Proposed ANDA Product prior to the expiration of the '403 Patent.

69. The Cipla Defendants' submission of ANDA No. 219377 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Cipla's Proposed ANDA Product prior to the expiration of the '403 Patent was an act of infringement of the '403 Patent under 35 U.S.C. § 271(e)(2)(A).

70. Upon information and belief, the Cipla Defendants have had knowledge of the '403 Patent at least because the '403 Patent is listed in the FDA's Orange Book for Biogen's Spinraza® drug product, and because Cipla's Notice Letter references the '403 Patent. Notwithstanding this knowledge, the Cipla Defendants continue to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla's Proposed ANDA Product and Cipla's Proposed Label therefor immediately and imminently upon the approval of ANDA No. 219377.

71. Upon information and belief, the Cipla Defendants plan and intend to, and will, actively induce infringement of the '403 Patent when ANDA No. 219377 is approved, and will do so with specific intent to induce infringement of the '403 Patent, in violation of 35 U.S.C. § 271(b). Further upon information and belief, the Cipla Defendants plan and intend to, and will, do so immediately and imminently upon approval.

72. Upon information and belief, the Cipla Defendants know that Cipla's Proposed ANDA Product is especially made or adapted for use in patented methods of the '403 Patent, and that Cipla's Proposed ANDA Product is not suitable for substantial noninfringing use. Upon information and belief, the Cipla Defendants plan and intend to, and will, contribute to infringement of the '403 Patent immediately and imminently upon approval of ANDA No. 219377, in violation of 35 U.S.C. § 271(c).

73. The foregoing actions by the Cipla Defendants constitute and/or will constitute infringement of the ’403 Patent, active inducement of infringement of the ’403 Patent, and contribution to the infringement by others of the ’403 Patent, either literally or under the doctrine of equivalents.

74. Unless the Cipla Defendants are enjoined from infringing the ’403 Patent, actively inducing infringement of the ’403 Patent, and contributing to the infringement by others of the ’403 Patent, Biogen will suffer irreparable injury. Biogen has no adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, Biogen requests the following relief:

(a) A judgment that the Cipla Defendants have infringed the Asserted Patents under 35 U.S.C. § 271(e)(2)(A);

(b) A judgment pursuant to 35 U.S.C. § 271(e)(4)(A) ordering that the effective date of any FDA approval for the Cipla Defendants to make, use, offer for sale, sell, market, distribute, or import Cipla’s Proposed ANDA Product, or any product the use of which infringes the Asserted Patents, be not earlier than the latest expiration date among the Asserted Patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(c) A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) enjoining the Cipla Defendants, and all persons and entities acting in concert with the Cipla Defendants, from making, using, selling, offering for sale, marketing, distributing, or importing Cipla’s Proposed ANDA Product, or any product the use of which infringes the Asserted Patents, or the inducement of or contribution to any of the foregoing, prior to the expiration date of the latest-expiring of the Asserted Patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(d) A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing of Cipla’s Proposed ANDA Product, or any product the use of which

infringes the Asserted Patents, prior to the expiration date of the latest-expiring of the Asserted Patents, infringes, will infringe, will actively induce infringement of, and/or will contribute to the infringement by others of the Asserted Patents under 35 U.S.C. §§ 271 (b) and (c);

(e) An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if the Cipla Defendants engage in making, using, selling, offering for sale, marketing, distributing, or importing of Cipla's Proposed ANDA Product, or any product the use of which infringes the Asserted Patents, or induces or contributes to such conduct, prior to the expiration date of the latest-expiring of the Asserted Patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(f) A finding that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(g) An award of Biogen's costs and expenses in this action; and

(h) Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
jtigan@morrisnichols.com
dfahnestock@morrisnichols.com

*Attorneys for Plaintiffs Biogen MA Inc. and Biogen Inc.*

OF COUNSEL:

Arlene L. Chow
Ernest Yakob
Takashi Okuda
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020-1401
(212) 906-1200

Jennifer J. Esch
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
(415) 395-8268

June 22, 2026